**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

MARSHALL LAIDLAW, #162803,

        Petitioner,

                                  Civil No: 2:08-CV-14031
                                  Honorable Marianne O. Battani
                                  Magistrate Judge R. Steven Whalen

v.

SHIRLEE HARRY,

        Respondent.

_____/

**OPINION & ORDER GRANTING RESPONDENT'S  MOTION FOR
SUMMARY JUDGMENT AND DENYING A CERTIFICATE OF APPEALABILITY**

      Petitioner, Marshall Laidlaw,  ("Petitioner") has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner, who is currently incarcerated at

the Muskegon Correctional Facility in Muskgeon , Michigan, challenges his convictions in

an Oakland  County bench trial for entry without permission, three counts of breaking and

entering an occupied dwelling with intent to commit larceny, assault with intent to commit

sexual penetration, two counts of first-degree criminal sexual conduct, and unlawfully

driving away an automobile.[1]  Respondent argues in its motion for summary judgment  that

the habeas petition is barred from review on statute of limitations grounds.  Petitioner filed

a response claiming that the factual predicate of his habeas claim was not discovered in

time to meet the statute of limitations requirements despite his efforts to do so.  Once it

---

[1]Petitioner was sentenced on November 24, 1986.

was discovered Petitioner claims that he was diligent in filing his habeas petition in a timely manner.

## I. BACKGROUND

Petitioner filed his claim of appeal with the Michigan Court of Appeals within the appropriate time frame in January 1987.  On June 6, 1988, the Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Laidlaw,* 169 Mich. App 84; 425 Mich. 738 (1988). Under MCR 7.302(C)(3), Petitioner had fifty-six (56) days to file a delayed application for leave to appeal with the Michigan Supreme Court.  *Rice v. Trippett,* 63 F.Supp.2d 784, 787 (E.D. Mich. 1999).  Because Petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations, on July 30, 1988,  fifty-six (56) days after the Michigan Court of Appeals affirmed his conviction.  See *Brown v. McKee,* 232 F.Supp.2d 761, 765 (E.D. Mich. 2002); see also *Erwin v. Elo,* 130 F.Supp.2d 887, 889 (E.D. Mich.2001).

Therefore,  Petitioner had until July 30, 1989 to file his petition for writ of habeas corpus with this Court, unless the limitations period was otherwise tolled. See 28 U.S.C. §2244(d)(1).  However, since Petitioner's conviction became final before the effective date (April 24, 1996) of the AEDPA, Petitioner had one year from April 24, 1996, within which to file a writ of habeas corpus.  *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001).

In November 2006, Petitioner filed a motion for relief from judgment with the trial court which was denied on March 20, 2007.  Petitioner subsequently filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied on October 23, 2007.  *People v. Laidlaw,* No: 277725 (Mich. Ct. App. Oct. 23, 2007).

2

Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was also denied on April 28, 2008. *People v. Laidlaw,* 480 Mich. 1186; 747 N.W.2d 275 (2008)(table).  Petitioner filed his habeas petition with this Court on September 18, 2008, raising the following issue:

> I.  Petitioner was deprived of due process of law and the effective assistance of counsel on appeal when the trial court failed to conduct a competency hearing upon defense request and appellate counsel failed to litigate this claim on direct appeal.

## II.  STANDARD

### A.  Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir. 2000), quoting Fed R. Civ. P. 56(c).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F.Supp.2d 767, 770 (E.D. Mich. 2003).

### B.  Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one-year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

3

> review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution  or laws of the United States is removed, if the application was prevented from filing by such State action; (C) the date on which the constitutional  right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).  A federal court will dismiss a case where a petition for a writ of habeas corpus does not comply with the one-year statute of limitations.  See *Wilson v. Birkett,* 192 F.Supp.2d 763, 765 (E.D. Mich. 2002); see also *Holloway v. Jones,* 166 F.Supp.2d 1185, 1187 (E.D. Mich. 2001).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. §2244(d)(2).

For inmates like Petitioner, whose convictions became final before the AEDPA  was enacted, there was a grace period of one-year, or until April 24, 1997, to file their habeas petitions.  *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea,* 187 F.3d 572, 577(6th Cir. 1999), reversed on other grounds, 530 U.S. 1257 (2000).

## III.  DISCUSSION

Petitioner did not file his habeas petition until September 18, 2008,  over eleven (11) years after the statute of limitations period expired.  His pleading is time-barred, absent statutory tolling or a delayed start of the statute of limitations under one of the subsections quoted above, or by virtue of equitable tolling.

### A.  Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(1)(D)

In the response to the motion for summary judgment, Petitioner argues that the commencement of the limitations period should be delayed pursuant to §2244(d)(1)(D), because he did not discover the factual predicate for his claims until after his direct appeal and his first post-conviction proceedings had ended.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim *could have been discovered* through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005).  However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim *could have been discovered* through the exercise of due diligence, not when it was actually discovered by a given petitioner.  *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard,* 36 Fed. Appx. 801, 804 (6th Cir. 2002).

Petitioner states the following in support of his factual predicate argument:

5

> The core issue raised in Petitioner's petition is the failure of the trial court to conduct a competency hearing upon the request of defense counsel and appellate counsel's failure to pursue this claim on Petitioner's direct appeal.
>
> \* \* \*
>
> Petitioner had sought to file the claim urged in his petition for over two decades. As attested to in his affidavit and demonstrated by the letters appended to his pleading, he has, as early as September 15, 1988, made <u>repeated</u> requests of the circuit court and the office of the court administrator to be provided with all the transcripts in this case. There was no response to his importunings until <u>October 17, 2006</u>, when the court administrator responded that, because **"[a] competency hearing was not held . . . there is no  transcript."**
>
> \* \* \*
>
> The State of Michigan . . . created an "impediment to filing an application" in regards to the underlying claim in this petition, and that impediment was not removed until October 17, 2006 or shortly thereafter, when Petitioner was informed that no competency hearing had been conducted in this case, as evidenced by the non-existence of transcripts  . . .   This was also the date when the "factual predicate of the claim" urged in this petition "could have been discovered."

(Mot. at 2-4).

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins,* 485 F. 3d 364, 373-74 (6th Cir. 2007)

In the present case, Petitioner raises one claim, but it  consists of two parts: (1) whether trial counsel was ineffective for failing to conduct a competency hearing; and (2) whether appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on direct appeal.  Although Petitioner filed his motion for relief from judgment  in November 2006, only one month after he alleges he discovered the factual predicate, and therefore clearly within the one-year limitations period, the Court does not find that §2244(d)(1)(D) precludes Petitioner's claim from being statutorily barred from

habeas review for three reasons.

First, Petitioner alleges the factual predicate to be the non-existence of a competency hearing in this matter and/or the lack of knowledge regarding whether a competency hearing took place.  The fact that there was no hearing is the basis for his ineffective assistance of trial counsel claim, which dovetails into his ineffective assistance of appellate counsel claim.   Petitioner surely knew or should have realized that no competency hearing had taken place prior to his conviction and sentence in November 1986 when no such hearing had been conducted before or during trial. Petitioner did not need a letter from the circuit court dated October 17, 2006, almost ten years later, in order to discover that no competency hearing had taken place.

Second, even if the Court accepted the argument that the failure to conduct a competency hearing and/or the lack of knowledge regarding whether a competency hearing took place is the factual predicate of Petitioner's habeas claim, he must show that he was diligent in his efforts to discover the subject factual predicate.  Petitioner has attached an affidavit and copies of letters he has sent over the years inquiring about his trial and competency hearing transcripts.  Although, Petitioner has attached thirteen letters that were written over the course of twenty years, this averages to less than one letter per year.[2]

The Court does not find Petitioner's efforts to be diligent under these circumstances.

_____

[2]For example, Petitioner sent a letter on October 12, 1989 and did not follow up again until February 10, 1991 (about a year and a half later).  He sent another letter on January 6, 1992 and did not send another one until January 7, 1994 (two years later). After the January 7, 1994 correspondence Petitioner did not follow up until June 12, 1995 (about a year and a half later).  On September 20, 1995 Petitioner sent a letter and did not follow up again until January 3, 2001 (almost six years later), etc.

Finally, the record appears to indicate that the issue of Petitioner's competency was resolved by the trial court after its review of forensic psychiatric reports, thereby vitiating Petitioner's argument that a competency hearing or the lack of knowledge about the existence of a competency hearing had any bearing on the merit or success of his habeas petition.[3] Although Petitioner states that he wants a competence finding based upon evidence adduced at an open hearing and not just based upon psychiatric reports, any events or issues surrounding Petitioner's competency were documented, part of the record, and transpired in Petitioner's presence before and during trial. Therefore, Petitioner knew or should have known about the factual predicate of his habeas claim well before the expiration of the statutory period in this case. The Court finds that the subject habeas petition is statutorily barred from review under 28 U.S.C. §2244(d)(1)(D).

## B. Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)

"[T]he one year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. §2244(d)(2)." *Ege v. Yukins,* 485 F.3d 364, 371-72 (2007). Petitioner's motion for relief from judgment, which was not filed until November 2006, did not affect the statute of limitations because the statutory period expired on April 24, 1997, well before Petitioner filed his motion. *Hargrove v. Brigano,* 300 F.3d 717, 718 n.1 (6th Cir. 2002). A state court post-conviction motion that is filed following the expiration of the

---

[3]The record consists of the following: (1) an "Order for Examination: Incompetent to Stand Trial (Detained Defendant);" (2) two reports issued from the Center for Forensic Psychiatry on January 9, 1986 indicating that Petitioner was competent to stand trial and that he was criminally responsible for his actions as they pertain to this case, respectively; and (3) a February 3, 1986 "Order Declaring Defendant Competent to Stand Trial."

8

2:08-cv-14031-MOB-RSW   Doc # 11   Filed 07/09/09   Pg 9 of 11   Pg ID 932

limitations period cannot toll that period pursuant to 28 U.S.C. §2244(d)(2) because there is no period remaining to be tolled. *Id.;* see also *Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir. 2003). Because the one-year limitations period had already expired by the time Petitioner filed his post-conviction motion, the filing of his motion did not toll the limitations period and that instant petition is therefore untimely. Consequently, the statutory tolling available under §2244(d)(2) does not benefit Petitioner.

### C. Equitable Tolling

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. See *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir. 2001). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Nevertheless, "equitable tolling [should] be applied sparingly [.]." *Dunlap,* 250 F.3d at 1008. In determining whether equitable tolling is appropriate, the Court must consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Andrew v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

Lack of prejudice to the respondent is not an independent basis for involving the doctrine of equitable tolling. *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152

9

(1984).  Petitioner has not alleged that he lacked notice or knowledge of the filing requirement.  Nor has he demonstrated that he was diligent in pursuing his claims as set forth above.  Equitable tolling is not appropriate under the circumstances.

### D.  Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  See 28 U.S.C. §2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds (i.e., statute of limitations) without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debateable whether the district court was correct in its procedural ruling.  See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case.

10

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that "Respondent's Motion for Summary Judgment" [Dkt. #5] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Evidentiary Hearing" [Dkt. #9] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Marianne O. Battani
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

Dated: July 9, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon Petitioner, and counsel for the Respondent.

s/Bernadette M. Thebolt

Case Manager

11