**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

MARSHALL LAIDLAW, #162803,

    Petitioner,

                                              Civil No: 2:08-CV-14031
                                              Honorable Marianne O. Battani
                                              Magistrate Judge R. Steven Whalen

v.

SHIRLEE HARRY,

    Respondent.
_____/


**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "NOTICE OF
APPEAL" AS "MOTION FOR RECONSIDERATION" AND (2)
DENYING MOTION FOR RECONSIDERATION**

Petitioner, Marshall Laidlaw, ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner, who is currently incarcerated at the Muskegon Correctional Facility in Muskgeon, Michigan, challenges his convictions in an Oakland County bench trial for entry without permission, three counts of breaking and entering an occupied dwelling with intent to commit larceny, assault with intent to commit sexual penetration, two counts of first-degree criminal sexual conduct, and unlawfully driving away an automobile.[1] Respondent argued in its motion for summary judgment that the habeas petition is barred from review on statute of limitations grounds. Petitioner filed a response claiming that the factual predicate of his habeas claim was not discovered in

---

[1]Petitioner was sentenced on November 24, 1986.

time to meet the statute of limitations requirements despite his efforts to do so. Once it was discovered Petitioner claims that he was diligent in filing his habeas petition in a timely manner.

On July 9, 2009, the Court issued an "Opinion and Order Granting Respondent's Motion for Summary Judgment and Denying a Certificate of Appealability." Pending before the Court is Petitioner's "Notice of Appeal."[2] Because the Court already has denied a certificate of appealability, the Court will construe Petitioner's "Notice of Appeal" as requesting reconsideration of that denial.

## I. DISCUSSION

### A. Motion for Reconsideration

Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F.Supp.2d 872, 874 (E.D. Mich. 2004).

The Court's Order denying habeas relief was entered on July 9, 2009. Because Petitioner had only 10 days to file a motion for reconsideration under Eastern District of

---

[2]"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1); *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

Michigan Local Rule 7.1(g)(1), intermediate legal holidays and weekend days are excluded under Federal Rule of Civil Procedure 6(a)[3]. Therefore, Petitioner was required to submit his motion for reconsideration on or before July 23, 2009.[4] Because courts have not been blind to the dilemmas of *pro se* prisoners and the particular challenges they face in meeting court deadlines, the Supreme Court formulated a mailbox rule, stating that documents are considered filed with the court when the document is submitted to prison officials for filing. *Houston v. Lack,* 487 U.S. 266, 272 (1988). Therefore, under the mailbox rule, if Petitioner had given his motion to prison authorities to mail on July 23, 2009, his motion would be considered timely.

Petitioner's "Notice of Appeal" was not dated,[5] and was not received by the Court until August 6, 2009. Therefore, it is difficult to determine when Petitioner relinquished control of the appeal notice. As a result, the Court cannot with any degree of certainty assess whether Petitioner's motion is untimely, thus waiving his opportunity for reconsideration.

---

[3]Federal Rule of Civil Procedure 6(e), which gives a party three additional days to file a document when the party is required to do so within a specified time period *after service*, does not technically apply here because Eastern District of Michigan Local Rule 7.1(g)(1) requires the motion to be filed "10 days *after entry* of the judgment or order," not after service of the order.

[4]The July 23, 2009 deadline takes into consideration the weekends of July 11, 2009, July 12, 2009, July 18, 2009, and July 19, 2009.

[5]See, *Hudson v. Martin,* 68 F.Supp.2d 798, 799, n. 2 (E.D. Mich. 1999).

### B. Certificate of Appealability

Even if the Court did not treat Petitioner's motion for a certificate of appealability as one of reconsideration or otherwise found that it was timely filed, the Court still denies relief. The Court declined to issue a certificate of appealability because, jurists of reason would not find it debatable whether Petitioner stated a valid claim of the denial of a constitutional right, or that district court was correct in its procedural ruling. See *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

Petitioner has presented no arguments in support of the Court reconsidering its decision to decline the issuance of a certificate of appealability. Therefore, Petitioner fails to demonstrate that the Court's decision was based upon a palpable defect by which the Court was misled.

### II. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Petitioner's "Notice of Appeal" [Dkt. # 13], which the Court has construed as a "Motion for Reconsideration" is **DENIED**.

        s/Marianne O. Battani
        HONORABLE MARIANNE BATTANI
        UNITED STATES DISTRICT COURT

Dated: November 19, 2009

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record.

s/Bernadette M. Thebolt

Case Manager

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November _____, 2009, by electronic and/or ordinary mail.

_____
Bernadette Thebolt
Case Manager and Deputy Clerk